**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LVNV Funding LLC, | No. CV-24-02769-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Jerome Gatlin, et al., | |
| Defendants. | |

This matter is before the Court *sua sponte*. Because the Court lacks subject matter jurisdiction, the Court will remand this case to the Maricopa County Justice Courts in Arizona.

**I.**

Plaintiff LVNV Funding LLC filed its complaint in the Moon Valley Justice Court on September 20, 2024, alleging a single cause of action against Defendant Jerome Gatlin for breach of contract. (Doc. 1-1 at 2.) According to the complaint, Defendant failed to make monthly payments on a Credit One account assigned to Plaintiff, and Plaintiff now seeks a judgment in the amount of $1,000.88 plus fees and interest. (*Id.*)

Defendant filed an answer denying liability and raising various affirmative defenses. (*Id.* at 9-17.) Defendant also asserts two counterclaims against Plaintiff under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. (*Id.*) After filing his answer, Defendant timely removed to this Court arguing federal question jurisdiction is satisfied under 28 U.S.C. § 1331. (Doc. 1.) Plaintiff then filed a motion to remand (Doc. 7), which

Defendant opposes (Docs. 9, 10).

## II.

Before considering the motion, the Court must assess whether it has subject matter jurisdiction. Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). As such, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A federal court, therefore, "may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal question jurisdiction is set forth in 28 U.S.C. § 1331 and grants federal courts jurisdiction to hear cases arising under the Constitution and federal law. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As such, federal question jurisdiction cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) (explaining that "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009).

Diversity jurisdiction is found in 28 U.S.C. § 1332, which extends federal jurisdiction over cases arising under state law only where there is complete diversity of the parties, and the statutory amount-in-controversy (over $75,000) is satisfied. 28 U.S.C. § 1332(a)(1). This means that no defendant can be a resident of the same state as any plaintiff. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 373 (1978).

In his notice of removal, Defendant asserts federal question jurisdiction. (Doc. 1 at 1.) But the only claims "arising under" federal law are Defendant's counterclaims, and

counterclaims are insufficient to qualify a case for federal question jurisdiction. *Vaden*, 556 U.S. at 62. Because Plaintiff's breach of contract claim is an Arizona-state law claim, jurisdiction can only exist if there is complete diversity of parties and the amount in controversy exceeds $75,000. This requirement is not satisfied, however, because the amount in controversy is $1,000.88—a far cry from the $75,000.01 necessary for diversity jurisdiction.

### III.

Because subject matter jurisdiction is not satisfied, the Court must remand the case to the Maricopa County Justice Courts in Arizona. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS ORDERED** directing the Clerk of Court to remand this case back to the Maricopa County Justice Courts in Arizona.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (Doc. 7) and Defendant's IFP Application (Doc. 2) are **denied** as moot.

**IT IS FINALLY ORDERED** directing the Clerk of Court to close this case.

Dated this 7th day of November, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge